**Dale HELWIG, et al., Respondents,**

v.

**Rudolph K. OLSON, et al., Appellants.**

**No. C5–85–1146.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

E.C. Meisinger, Jr., West St. Paul, Minn., for respondents.

Larry S. Severson, Denise L. Reuter, Apply Valley, Minn., for appellants.

Heard, considered and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from a $750 judgment for damage to trees. Appellant contends respondent did not own the trees and claims that the county court had no jurisdiction to decide ownership. Appellant also claims that he was denied a fair trial because he was not represented by counsel. We affirm in part, reverse in part, and remand for a new trial.

## FACTS

Appellants purchased land from respondents in February 1980 under a contract for deed. The land was part of a tract respondents owned. The sales contract contained a provision that no trees would be removed from the property without the seller's consent and that the buyer would maintain the property. Appellants allege that respondents told them the purchased land included a 30 foot by 300 foot strip that contained trees. The trial court did not make a finding of fact indicating who owned the property. At one point in 1980, however, respondents allegedly admonished appellants to keep the disputed land mowed, claiming appellants were in breach of contract. This suggested to appellants, who have since kept the land mowed, that they owned that land.

In 1981, respondents ordered a survey of their land. Respondents claim the survey proves that the disputed strip of land is on their side of the boundary line. Respondents did not reveal this information to appellants for three and one-half years, during which time appellants continued to maintain the property.

In October 1984, appellants cut down a pine tree located on the disputed strip of land. This destroyed two trees and damaged four others all on the same strip. Respondents sued appellants in conciliation court and lost. Upon appeal, the county court found appellants to be negligent and awarded respondents $750.

Appellants contended in county court that they were surprised to see a retrial of

the case. They assert that notices led them to expect more argument about the case by the parties, that they were not told an attorney would appeal for the other parties, and that they would have had an attorney present if they had known what kind of hearing would be held.

During the county court proceedings, appellants raised the defense of ownership of land. They claim they owned the land in question and thus could not be found liable for damaging the trees. The trial court did not make a specific finding of fact on ownership of this strip of property. Appellants contend that in awarding respondents damages for appellants' negligence, the court inferred ownership by respondents. Appellants claim that the court should have made a specific finding of ownership.

## ISSUES

1. Was the county court empowered to decide ownership of damaged property?

2. Did the trial court properly decline to make a finding of fact as to ownership of the land?

3. Did the trial court err in refusing to grant a new trial?

## ANALYSIS

■ 1. The parameters of county court jurisdiction are established by statute. *See* Minn.Stat. § 487.15 (1984). The statute states that county courts "may hear, try, and determine actions at law, * * * except for causes involving title to real estate." *Id.* Appellants argue that because they claim ownership to the property involved, the case involves a question of title to real estate. As such, they argue, the county court lacked jurisdiction to hear the case.

This case is a tort case, not a title case. The county court has jurisdiction over tort cases involving amounts less than $15,000. *Id.* Therefore, the county court properly assumed jurisdiction.

■ 2. Respondents sold to appellants a portion of their property. Appellants assert that respondents represented to them that the property to be sold included the land containing the damaged trees. At trial, however, respondents introduced a survey that indicated respondents retained ownership in the trees. This presented a conflict in the evidence, and it was unclear whether the damaged property belonged to the appellants or to the respondents. The trial court did not make a finding as to who owned the property in dispute. Appellant made a motion for amended findings of fact, but the trial court denied the motion. A finding of fact on the ownership of the property was necessary to decide the issue of liability. *See Associated Contractors, Inc. v. Midwest Federal Savings & Loan Assoc.,* 304 Minn. 528, 532, 232 N.W.2d 740, 742 (1975).

■ 3. Appellants claim they are entitled to a new trial because their participation at trial without counsel was excusable and led to an unfair proceeding. They claim that they failed to consult counsel because they were under the impression that the county court proceedings involved only a limited review of the conciliation court proceeding. Since they were not represented by counsel in conciliation court, they did not know the need to consult counsel when the case was scheduled to be heard in county court.

■ A motion for a new trial may be granted when any irregularity deprived the moving party of a fair trial. Minn.R.Civ.P. 59.01(1) (1985). A motion for a new trial, however, should be granted " 'cautiously and sparingly and only in the furtherance of substantial justice.' " *Hansen v. Barrett,* 186 F.Supp. 527, 532 (D.Minn.1960) (citation omitted). Furthermore, the trial court has broad discretion in deciding whether a new trial is required. The trial court's decision to grant or deny a motion for a new trial will not be reversed unless there was a clear abuse of discretion. *Westbrook State Bank v. Johnson,* 358 N.W.2d 422, 425–26 (Minn.Ct.App.1984) (*citing Connolly v. Nicollet Hotel,* 258 Minn. 405, 407, 104 N.W.2d 721, 724 (Minn. 1960)).

Appellants dispute respondent's claimed ownership of the damaged trees. Alternatively, their arguments suggest a contention that they were the victims of respondents' fraudulent misrepresentation. The trial court made no findings to indicate its assessment of the claims of appellants, either their claims of fraudulent misrepresentation or claims on ownership. Thus, the trial court did not deal with a primary issue in the case, and we find inescapable the conclusion that this was due in significent part, as appellants contend, to their misunderstanding of the proceedings.

We assume for purposes of this review the legal sufficiency of written notices employed in this case. Nevertheless, the appellants demonstrated their confusion about the nature of the proceedings, and their problem was followed by trial that did not ultimately address a primary issue. They were given no opportunity to consider continuation of the case for consultation with counsel. In these circumstances we conclude the trial was infected by an "irregularity [that] deprived the moving party of a fair trial." Minn.R.Civ.P. 59.01(1). The appellant's request for a new trial was erroneously denied.

## DECISION

The trial court properly assumed jurisdiction over the case, but should have made a finding of fact on the issue of ownership of land. Furthermore, appellant's request for a new trial is granted because he was deprived of a fair trial in the county court litigation.

Affirmed in part, reversed in part, and remanded for a new trial.

LANSING, Judge (concurring in part and dissenting in part).

I join the majority in the determination that the county court had jurisdiction, but dissent from the holding that the appellants' voluntary decision to proceed without an attorney in a civil action constitutes an irregularity depriving them of a fair trial. I also disagree with the majority position that a determination of the ownership of the underlying land is necessary to decide the action. The contract provides that no trees can be removed without the Helwigs' consent. The Olsons removed the trees without the Helwigs' consent, and the court awarded the Helwigs damages. The trial court did not abuse its discretion or make an error of law. Title to the property should be determined in a formal action brought for that purpose, not incidentally to a conciliation court case.

I would affirm.